UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Gifford on behalf of herself and all others similarly situated,<br><br>                           Plaintiff,<br><br>-v-<br><br>Target Corporation,<br><br>                           Defendant. | Court File No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Linda Gifford ("Plaintiff"), on behalf of herself and all others similarly situated, bring this action against Target Corporation. ("Defendant" or "Target").  Based upon personal knowledge, information and belief, and the investigation and research of her counsel, Plaintiff alleges:

## I. INTRODUCTION

1.      Plaintiff brings this action under the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177.21, *et. seq.*, the Minnesota Payment of Wages Act ("PWA"), Minn. Stat. §§ 181.01, *et seq.,* the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and state common law.

## II. NATURE OF THE ACTION

2.      Plaintiff brings this class action lawsuit on behalf of herself and all others who are or have been employed by Target, or its subsidiaries or affiliates as Executive Team Leaders ("ETL") at Target retail stores in the United States during the period

1

March, 2007 to the present for claims under the federal FLSA (the "Federal Collective Group"). Plaintiff also brings this class action lawsuit on behalf of herself and all others who are or have been employed by Target, its subsidiaries and affiliates during the period March, 2007 to the present for claims under the MFLSA as Executive Team Leaders ("ETL") at Target retail stores in Minnesota (the "Minnesota Class"; the FLSA Class and Minnesota Class will be referred to collectively as the "Classes").

3.       During the Class Period, Plaintiff alleges that Defendant instituted a plan in which it:

a.       Required Plaintiff and members of the Classes to carry a workload that could not be completed without working substantial amounts of overtime;

b.       Required Plaintiff members of the Classes to perform non-managerial duties; and

c.       Failed to pay overtime compensation to Plaintiff and members of the Classes in violation of the federal FLSA, the MFLSA and the common law.

4.       Plaintiff seeks damages for the Classes to remedy Target's refusal and failure to pay overtime compensation in violation of the federal FLSA, the MFLSA, the PWA, and state common law. Plaintiff also seeks equitable remedies in the form of declaratory re1ief, injunctive re1ief, and for an accounting.

5.       The Class Period is designated March, 2007 through the present for the Class under the MFLSA, and March, 2007 through the present for the Class under the

federal FLSA, based upon information and belief that the violations of the Minnesota and

federal wage and hour employment laws as described more fully hereinafter have

occurred and are continuing. Plaintiffs herein reserve the right to amend this Complaint

for damages to reflect a different Class Period as discovery in this matter proceeds.

## III. JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 29 U.S.C. §216(b) and

28 U.S.C. § 1332.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Target

maintains an office in the District of Minnesota, conducts business in the District of

Minnesota, one plaintiff resides in the District of Minnesota, and the causes of action

arose, in part, in the District of Minnesota.

## IV.  THE PARTIES

8.      Plaintiff Linda Gifford resides in, and is a citizen of Cass County,

Minnesota.  Gifford was employed by Target as an ETL in the Logistics and Softlines

departments.  Gifford began her employment with Target in 1972, she left the company

in June, 2009.  Plaintiff consistently worked over 55-60 hours per week during the time

that she was an ETL for Target; Target failed to compensate Plaintiff for any of the time

she worked in excess of 40 hours per week. Most of Plaintiff's time as an ETL was spent

unloading trailers, stocking merchandise, moving merchandise to the sales floor, sorting

clothing merchandise onto racks, and leading tasks by example.

9.     The practices and polices described in this Complaint were enforced throughout the State of Minnesota and the United States.

10.     Upon information and belief, Target is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minnesota. At all times relevant hereto, Target operated general merchandise stores with an assortment of general merchandise and food items, as well as SuperTarget stores with a line of food and general merchandise items.  Target currently operates businesses in approximately 300 locations in the central and eastern United States, including approximately 1,700 stores throughout the United States, including over 70 stores in the State of Minnesota.

## V. FACTUAL ALLEGATIONS

11.     Target is a nationwide mass retailer headquartered in Minneapolis, Minnesota. Target is the second largest mass retailer behind Walmart, and the company is ranked 28 on the Fortune 500 as of 2009.

12.     Target describes its work environment as "fast, fun and friendly." The company tells employees that "[g]oals are clear, challenging and met through teamwork." Target states that ETLs, "[e]nsure guests have the best possible Target shopping experience during every visit while motivating team members to improve performance."

13.     Each Target store is staffed by up to a fourteen (14) ETLs.

4

14.     Each Target store is overseen by a Store Leader (or General Manager) who continually inspects the store and evaluates each ETL on a number of standard criteria to ensure that all employees are following the proper Target policies and procedures.

15.     All new ETLs are put through a standardized training program called "Business College," during which ETLs are taught how to follow Target's standard policies and procedures. Upon learning all of the standardized steps that are required for ETLs to perform their job, Target presents each graduate of the "Business College" with a certificate.

16.     Significantly more than fifty percent (50%) of an ETL's time during each work shift is spent performing tasks identical to those of non-salaried Target Team Leaders or Team Members.

17.     The non-exempt Team Leader ("TL") position includes many of the same job duties as the exempt ETL position, including, but not limited to:

    a.  coaching Team Members;

    b.  organizing small staff meetings or "team huddles;"

    c.      training co-workers;

    d.      interviewing job applicants;

    e.      writing employee reviews;

    f.      certain disciplinary action;

g.      distributing a computer-generated schedule;

h.      cashiering in various departments throughout the store;

i.      customer service; and

j.      all other tasks that Team Members are assigned.

18.    Non-managerial tasks performed by ETLs include, but are not limited to:

a.  stocking shelves;

b.  unloading trucks;

c.  cleaning the store;

d.  cashiering in various departments throughout the store;

e.  removing shopping carts from the parking lot;

f.  distributing a computer-generated schedule;

g.  helping customers;

h.  completing check lists;

i.  moving merchandise around the store;

j.  facing merchandise according to standard product layout guides called "planograms;" and

k.  all other tasks that were assigned to Team Leaders or Team Members.

19.     Target acknowledges that many of the tasks ETLs perform involve manual or non-managerial tasks; the company requires that all ETLs have the ability to lift and carry up to 40 pounds.

20.     Most job duties that would generally be recognized as managerial require virtually no independent judgment on the part of ETLs. For example, staff scheduling is done by a computer formula, a computer in one of Target's corporate locations dictates that ETLs must use exactly 110 man-hours to unload a truck. Similarly, ETLs have no authority (or even a mechanism by which) to order additional product if an item is out of stock, Target requires ETLs to organize store shelves according to corporate-generated instructions ("planograms"), and ETLs do not have the authority to directly hire or fire employees.

21.     Many store managers describe themselves as salaried Team Members because their work duties more closely resemble the job description of a team member as opposed to the ETL job description supplied by Target. Target classifies Team Members as non-exempt under the FLSA.

22.     In the past several years, Target has hired fewer hourly employees to do the same amount of work while prohibiting hourly employees from working overtime. As a result, ETLs are required to work longer shifts to make up for the reduction in man-hours. If ETLs do not work longer shifts, they are reprimanded or given poor job evaluations for failing to complete the tasks assigned to them by Target.

23.    Target's policy is that all ETLs must work at least 50 hours per week.

24.    Upon information and belief, the average ETL works over 55 hours per week, including nights and weekends.

25.    Plaintiff worked in excess of 55 hours per week. On many days, she would spend no more than small percentage of her time performing managerial tasks.

26.    Target takes the position that ETLs are exempt from legal requirements to pay them overtime because they are "assistant managers."

27.    Plaintiff alleges that Target ETLs are not really "assistant managers" at all, but regular employees who are covered by mandatory overtime requirements.  At all times relevant hereto, Minnesota law required payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over forty-eight (48) hours in a work week and federal law required payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over forty (40) in a work week.

28.    Plaintiff alleges that Target, in order to generate millions of dollars of net profits, has intentionally and improperly designated Target ETLs, including Plaintiff and members of the Classes, as "exempt" employees in order to avoid payment of overtime wages in violation of federal, Minnesota, and common law.

## VI. CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action pursuant to 29  U.S.C. §216(b) and seeks to

represent a class of:

> All persons who are currently or were during the Class Period
> employed as Executive Team Leaders by Defendant Target
> Corp., who have worked overtime while in the employment of
> Target Corp., and who were not compensated according to the
> law ("Federal Collective Group").

30.    Plaintiff  also brings this action pursuant to Federal Rule of Civil Procedure

23 and seeks to represent a class of:

> All persons who are currently or were during the Class
> Period employed in the State of Minnesota as Executive Team
> Leaders by Defendant Target Corp., who have worked
> overtime while in the employment of Target Corp., and who
> were not compensated according to the law ("Minnesota
> Class").

31.    The requirements for class certification under Rule 23 of the Federal Rules

of Civil Procedure are satisfied, as follows.

32.    Plaintiff is informed and believes, and on that basis alleges, that during the

Class Period, well over 5,000 persons are or have been employed by Target as ETLs. As

such, the members of the Classes are so numerous that joinder of all members in one

proceeding would be impracticable.;

33.    There are common questions of law and fact common to the Classes,

including without limitation:

a.      Whether Defendant unlawfully failed to pay overtime compensation to the members of the Classes in violation of the federal FLSA and the MFLSA;

b.      Whether Target's policy and practice of failing to pay overtime to the members of the Classes was knowing and willful;

c.      Whether the members of the Classes were required by Target to carry a workload that could not be completed without working overtime; and

d.      Whether the members of the Classes sustained damages, and, if so, the proper measure of such damages for unpaid overtime.

34.     The claims of  Plaintiff are typical of the claims of the members of the Classes, who, like other members of the Classes currently or formerly working for Target, were subjected to Defendant's policy and practice of requiring ETLs to carry a workload which could not be completed without working substantial amounts of overtime, including a policy requiring all ETLs to work at least 50 hours per week. Plaintiff's job duties and legal claims were and are typical of those of other class members who currently or formerly worked for Target as ETLs. Plaintiff and the members of the Classes have actually worked overtime while in the employment of Target.

35.     Plaintiff will fairly and adequately represent the members of the Classes, and has retained counsel who are competent and experienced in class action and complex litigation.

36.    The questions of law common to the members of the Classes predominate over any questions affecting only individual members.

37.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. Furthermore, as the damages suffered by many individual members of the C1ass may be relatively small in relation to the costs of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for members of the Classes to redress the wrongs done to them individually. Many of the members of the Classes may be unaware that claims exist against the Defendant.

38.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  The names and addresses of the members of the Classes are available from Defendant Target.  Notice will be provided to the members of the Classes via first class mail and by the use of techniques and a form of notice similar to those customarily used in class actions.

**FIRST CAUSE OF ACTION**
FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION
OF THE FLSA, 29 U.S.C.§ 201 *ET SEQ.*
(Brought by all Plaintiff on behalf of herself and the Federal Collective Group)

39.    Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

40.    Upon information and belief, Target employs and has employed Plaintiff and members of the Federal Collective Group throughout the United States.  From a

presently unknown date in the past, until the present time, Defendant engaged in a regular practice of requiring Plaintiffs and members of the Federal Collective Group to work hours considerably in excess of 40 hours per week.

41.     Upon information and belief, Plaintiff alleges that Target had and continues to have a regular practice of requiring Plaintiff and members of the Federal Collective Group to work a minimum of 50 hours in any given work week.

42.     Any workweek in which Plaintiff and members of the Federal Collective Group worked at least 40 hours, Target's failure to pay Plaintiff and members of the Federal Collective Group at one and one half times their regular rate of pay, for all hours in excess of 40, violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 215, 216. As a result of such violations, Plaintiff and members of the Federal Collective Group are entitled to the damages, fees and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

43.     Target has knowingly and willfully failed and continues to fail and refuse to pay Plaintiff and members of the Federal Collective Group overtime compensation owed to Plaintiff and  members of the Federal Collective Group for overtime hours worked as required by federal wage and hour laws.

44.     As a result of the actions of Target in failing and refusing to pay overtime compensation, Plaintiff and members of the Federal Collective Group were damaged by not receiving overtime compensation that they should have received, but did not receive.

Plaintiff and members of the Federal Collective Group are entitled to compensation for

unpaid overtime together with pre-judgment interest, and liquidated damages.

## SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF
MINNESOTA FAIR LABOR STANDARDS ACT, MINN. STAT. §177.21, *ET SEQ.*
(Brought by Plaintiff on behalf of herself and the Minnesota Class)

45.     Plaintiff hereby incorporates by reference all preceding paragraphs as if

fully set forth herein.

46.     On the basis of information and belief, Defendant Target employs or has

employed Plaintiffs and members of the Minnesota Class throughout the State of

Minnesota. From a presently unknown date in the past, until the present time, Defendant

engaged in a regular practice of requiring Plaintiffs and members of the Minnesota Class

to work hours considerably in excess of 48 hours per week.

47.     Upon information and belief, Plaintiff alleges that Target has a regular

practice of requiring Plaintiff and members of the Classes to work a minimum of 50

hours in any given work week, except during the holiday season, when the minimum

requirement approached 60 hours per week.

48.     The laws of the State of Minnesota, including Minn. Stat. § 177.25, require

an employer, such as Defendant to pay overtime compensation to all non-exempt

employees.

49.     Plaintiff and members of the Minnesota Class are not exempt from the

requirement that their employer pay them overtime compensation under Minnesota law.

Plaintiff and members of the Minnesota Class do not presently and have not at any time during the Class Period qualified under any exemption from the requirement that their employer pay overtime compensation under Minnesota law. Plaintiff and members of the Minnesota Class are entitled to be paid overtime compensation for all overtime hours worked.

50.     Target has knowingly and willfully failed and continues to fail and refuse to pay Plaintiff and members of the Minnesota Class overtime compensation owed to Plaintiff and members of the Minnesota Class for overtime hours worked as required by Minnesota wage and hour laws.

51.     As a result of the actions of Target in failing and refusing to pay overtime compensation, Plaintiff and members of the Minnesota Class were damaged by not receiving overtime compensation which they should have received, but did not receive. Plaintiff and members of the Minnesota Class are entitled to compensation for unpaid overtime together with pre-judgment interest, liquidated damages, and civil penalties for each violation.

### THIRD CAUSE OF ACTION
DECLARATORY RELIEF
(Brought by Plaintiff on behalf of herself and the Minnesota Class)

52.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

14

53.     An actual controversy has arisen between the Plaintiff and members of the Class, on the one hand, and Defendant on the other hand relating to the following matters:

a.     Whether Defendant has unlawfully failed to pay overtime compensation in violation of Minnesota law to Plaintiff and to members of the Minnesota Class.

b.     Whether Defendant has unlawfully failed to pay overtime compensation owing in a timely manner to Plaintiff and members of the Minnesota Class whose employment with Defendant ended, as required by Minnesota law.

c.     What amounts Plaintiff and members of the Minnesota Class are entitled to receive in overtime pay.

d.     What amounts Plaintiff and members of the Minnesota Class are entitled to receive in interest on unpaid compensation due and owing.

e.     What amounts Plaintiff and members of the Minnesota Class are entitled to receive from Defendant in liquidated damages and civil penalties.

54.     Plaintiff and members of the Minnesota Class further seek entry of a declaratory judgment in their favor that declares Defendant's practices as previously alleged to be unlawful and that provides for recovery of all sums determined by this Court to be owed by Defendant to the Plaintiffs and members of the Minnesota Class.

## FIFTH CAUSE OF ACTION
ACCOUNTING
(Brought by Plaintiff on behalf of herself and the Minnesota Class)

55.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

56.     Plaintiff and members of the Minnesota Class are owed wages that equal the sum of overtime compensation not paid by Target to Plaintiff and the members of the Minnesota Class, statutory interest on all such compensation and waiting time penalties owed to Plaintiff and members of the Minnesota Class whose employment terminated.

57.     The Plaintiff and members of the Minnesota Class do not know the precise amount of compensation due to the Plaintiffs and to each member of the Class. Upon information and belief, Defendant possesses books and records, including records maintained pursuant to Minn. Stat. § 177.30, from which the amount of compensation due and owing to Plaintiff and to each member of the Class can be determined.

58.     The amount of statutory interest and penalties owed to Plaintiff and to each member of the Minnesota Class is based on the amount of compensation owed to Plaintiff and  members of the Minnesota Class by Target.

## SIXTH CAUSE OF ACTION
INJUNCTIVE RELIEF
(Brought by Plaintiff on behalf of herself and the Minnesota Class)

59.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

60.     Target has assigned and allocated and upon information and belief will continue to assign and allocate, the work load required of all members of the Minnesota Class so that the work load cannot be processed without working overtime, and Target has applied policies as previously alleged, and threatens to apply said policies, to all members of the Minnesota Class, including Target's failure to pay overtime compensation in violation of state and federal laws.

61.     Plaintiff and the members of the Minnesota Class have been injured and damaged, and are threatened with injury and damage, by Target's assignment and allocation of the workload so that each ETLs workload cannot be completed without working overtime, and Target's unlawful refusal to pay overtime and other compensation. Plaintiff and the members of the Minnesota Class are threatened with irreparable harm by the continuation of Target's workload allocation and assignment and Target's unlawful refusal to pay all compensation as heretofore alleged, and Plaintiff and the members of the Minnesota Class have no adequate remedy at law.

62.     Target has acted, and threatened to act, on grounds generally applicable to the individual members of the Minnesota Class, thereby making appropriate temporary and permanent injunctive relief enjoining Target and its agents from engaging in the unlawful practices heretofore alleged.

**SEVENTH CAUSE OF ACTION**
VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT
(Brought by Plaintiff on behalf of herself and the Minnesota Class)

63.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

64.     Minn. Stat. § 181.101 requires employers to pay all wages earned by an employee at least once every 31 days. If an employer does not pay all wages as required by Minn. Stat. § 181.101, then the employer is liable to pay a civil penalty to any aggrieved employee.

65.     Target has violated The Minnesota Payment of Wages Act ("PWA") because it failed to pay ETLs for all hours worked over 40 each week. In fact, Target has not paid Plaintiff or any member of the Class for any hour worked over 40 at any time during the ETL's employment with the company.

66.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the class members have suffered damages.

67.     Under Minn. Stat. § 181.171  Defendant is subject to a civil penalty, compensatory damages, and other appropriate relieve including, but not limited to, injunctive relief. Additionally, Defendant is liable for attorneys fees and any reasonable costs, disbursements, and witness fees.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT RECORD KEEPING REQUIREMENT
(Brought by Plaintiff on behalf of herself and the Minnesota Class)

68.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

69.     Minn. Stat. § 177.30 requires employers subject to the MFLSA to make and keep a record of hours worked each day and each workweek by their employees.

70.     Defendant has violated Minn. Stat. § 177.30 by failing to make and keep records of the time Plaintiff and class members spent performing duties as described in this Complaint.

71.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the class members have suffered damages.

72.     Under Minn. Stat. § 177.27, Subdiv. 7, as incorporated through Minn. Stat. § 177.27, Subdiv. 8, Defendant is subject to a penalty of up to $1,000 for each violation for each employee.  Plaintiff and class members are also entitled to attorneys' fees and costs incurred in connection with this claim under Minn. Stat. § 177.27, Subdiv. 10.

WHEREFORE, Plaintiff and members of the Classes request relief as hereinafter provided.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated individuals in an FLSA Collective Action, pray for relief as follows:

A.      Designation of this action as a collective action on behalf of Plaintiff and all similarly situated individuals (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of their opt-in rights, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiff as Representatives of the FLSA Collective Action;

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E.      Leave to add additional plaintiff by the filing of written consent forms, or any other method approved by the Court;

F.      Costs of action incurred herein, including expert fees;

G.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.      Pre-Judgment and Post-Judgment interest, to the extent provided by law; and

I.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff Linda Gifford, on behalf of herself and all members of the Minnesota Class, pray for relief as follows:

J.      Certification of this action as a class action on behalf of the Minnesota Class;

K.      Designation of Plaintiff Linda Gifford as the Minnesota Class Representative and the Federal Collective Group Representative;

L.      A declaratory judgment that the practices complained of herein are unlawful under Minnesota law;

M.      Appropriate equitable and injunctive relief to remedy Defendant's violations of Minnesota law, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

N.      Appropriate statutory penalties assessed against Defendant, including but not limited to, those under Minn. Stat. § 177.27, Subdiv. 7, as incorporated through Minn. Stat. § 177.27, Subdiv. 8, for each violation of the MFLSA record keeping requirements;

O.      All legal and equitable relief available under the MN FLSA, Minn. Stat. § 177.21, *et seq.*;

P.      The reasonable value of the services performed for, or the benefit conveyed to, Defendant as described in this Complaint;

Q.      Pre-Judgment and Post-Judgment interest, to the extent provided by law;

R.      Such other legal and equitable relief as this Court deems necessary, just, and proper; and

S.      Attorneys' fees and costs of suit, including expert fees and other fees.

## VII.  JURY DEMAND

Plaintiff demands trial by jury on all counts where jury is available.


Respectfully Submitted,

Dated:  April 7, 2010                HALUNEN & ASSOCIATES.

By: /s Clayton D. Halunen   .
Clayton D. Halunen, #219721
Joni M. Thome, #232087
Shawn J. Wanta, # 389164
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
halunen@halunenlaw.com
thome@halunenlaw.com
wanta@halunenlaw.com

-and-

Charles E. Schaffer
Arnold Levin
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street - Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com
alevin@lfsblaw.com

**ATTORNEYS FOR PLAINTIFFS**