UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Linda Gifford, William McConnell, and
Ryan Crescenzo on behalf of themselves and
all others similarly situated,

    Plaintiffs,

  v.              **ORDER**
                  Civil No. 10-1194 ADM/RLE

Target Corporation,

    Defendant.

___

  Pursuant to this Court's July 13, 2010 Order ("Order") [Docket No. 84], attorney Charles E. Schaffer ("Schaffer") of Levin Fishbein Sedran & Berman (the "Levin firm") filed an affidavit [Docket No. 91] providing information regarding the Levin firm's: (1) contact with Jane Doe ("Doe"), (2) exposure to materials or documents relating to disclosures made by Doe, and (3) discussions or written communication with any person concerning any of Doe's disclosures. See Order at 21-22. Defendant Target Corporation ("Target") subsequently filed a letter [Docket No. 95] requesting the Court to direct Schaffer to provide supplementation of the information in Schaffer's affidavit.

  The Court finds the Schaffer affidavit sufficiently addresses the Order's requirements and additional information is not required at this time. The Levin firm had no direct or indirect contact with Doe or the materials improperly divulged by her, and had only limited discussions and communications with co-counsel concerning Doe's disclosures. Based on the Levin firm's limited and tenuous connection to Doe's disclosures, disqualification of the Levin firm is not warranted. See In re Potash Antitrust Litig., Civ. No. 3-93-197, 1997 543013, at * 17 (D. Minn. Dec. 8, 1993), amended 1994 WL 2255 (D. Minn. Jan. 4, 1994). Subsequent concerns by Target

that protected information may have been disclosed may be addressed under the applicable rules of privilege.  See id.  Accordingly, Target's Motion to Disqualify Counsel [Docket No. 6] is DENIED as to the Levin firm.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 17, 2010.